## Bayliss *v.* Hough, Appellant (No. 2).

*Contract—Sales—Continuing contract—Termination of contract—Reasonable notice—Affidavit of defense.*

Where a written contract to sell so many patented articles per year on a royalty, contains no provision for the termination of the contract, either party may terminate it upon reasonable notice; and in an action to recover the royalties for a particular year, an affidavit of defense is sufficient to prevent judgment for royalties for the whole year, which avers that the seller could not continue to sell, except at a loss; that he had served a written notice to terminate about two months after the year had begun; and that other notices had been expressly given of his desire to end the agreement because its conditions could not be complied with except at serious and continued loss to himself.

Argued April 14, 1909. Appeal, No. 127, April T., 1909, by defendant, from order of C. P. Venango Co., Aug. T., 1908, No. 51, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William Bayliss et al. v. Charles N. Hough, trading as The Charles N. Hough Manufacturing Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit for royalties.

Rule for judgment for want of sufficient affidavit of defense. The facts appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*P. M. Speer* and *A. R. Osmer,* with them *J. H. Osmer* and *N. F. Osmer,* for appellant.—The general principle that contracts without time limit are terminable on reasonable notice by either party, is sustained in Coffin v. Landis, 46 Pa. 426; Phila. & Reading R. R. Co. v. River Front R. R. Co., 168 Pa. 357; Cumberland Valley R. R. Co. v. Gettysburg & Harrisburg Ry. Co., 177 Pa. 519; Marble v. Standard Oil Co., 169 Mass. 353 (48 N. E. Repr. 783); Kenderdine Hydro-Carbon Fuel Co. v. Plumb, 182 Pa. 463; Irish v. Dean, 39 Wis. 562; Savidge

v. Surgical Asso., 59 Mich. 400 (26 N. W. Repr. 652); Mc-Cullough-Dalzell Crucible Co. v. Phila. Co., 38 P. L. J. (N. S.) 365.

*Samuel Grumbine,* for appellees.—The appellees contend that the legal presumption that applies in all cases where parties enter into a contractual relation without fixing a term during which it is to continue, viz.: that it is to continue during the will of both parties, does not apply to the contract under consideration. The subject-matter being a patent secured to the plaintiffs for the term of seventeen years from August 18, 1903, the contractual relation could not exist beyond the life of the patent, and the legal presumption is that it was intended for that period.

OPINION BY HEAD, J., March 3, 1910:

This case is closely related to Bayliss v. Hough in which an opinion has this day been filed, ante, p. 454. The parties are the same and the present action is based on the same contract as the former one, being to recover moneys claimed to be due under that contract during the period of the fourth year of its existence. In this case, as in the former one, the learned trial judge entered judgment for want of an affidavit of defense, and again the defendant appeals.

If the agreement was still in force during the period covered by this action, we follow our former decision in holding that the breach of its covenant requiring the defendant to manufacture and sell at least 2,000 tongs has not been excused or justified by the facts set forth in the affidavit which is, in this respect, substantially the same as the former one. Again, the defendant sets up that after a thorough effort on his part he has been unable to sell the tongs at the prices named in the contract except at a loss to himself. If this be a defense, no party could be legally held to the obligations of a losing contract. Again, the defendant avers that there was omitted from the written contract, by mistake, a provision permitting him to cancel it upon the following terms as set forth in a letter made part of the affidavit:

"That if for any good·reason the party of the second part wishes to annul and cancel this agreement, it may be done at any time upon payment to the party of the first part of the sum of $200.00 as a royalty, together with all royalties that may be due upon .tongs sold or in stock or in process of manufacture." But the present affidavit, like the former one, contains no averment that the defendant ever paid or tendered the stipulated sum upon which his right to cancel would accrue, even if that condition were written in the .contract. Still further, the defendant advances the theory that under a proper construction of the contract he was not required to pay any royalty if he sold no tongs, and therefore there was nothing due to the plaintiffs under the contract, even though there was an entire breach of the covenant requiring him to sell a minimum number of tongs. The very correspondence attached to his affidavit shows that the plaintiffs rejected his effort to have the contract so written, and this averment is without force.

If there is any substantial distinction between this case and the former one, it arises from the fact that during the period covered by this action, to· wit, during the month of May, 1907, the defendant gave notice that he would no longer be bound by the terms of the contract. Did the right to thus cancel his contract and relieve himself of liability exist in the defendant, and if it did, was it exercised at such a time and in such a manner as to relieve him from his obligation for the current year? No such right of cancellation is expressly reserved to the defendant by the contract as it is written. We have already seen that even if we were to regard the contract as reformed by inserting in it the special clause alleged to have ·been omitted by mistake; it would be unavailing to aid ·the defendant because he has not performed the condition upon which the right to cancel under the clause would be effective. It cannot be said that the contract had expired by its terms because the parties in executing it saw fit to insert nothing fixing its period or duration.

The construction of it adopted by the learned court below was that the obligations of the contract were to endure

through the life of the patent protecting the device. The reasons for this conclusion are pointed out in his opinion, and they are not without force. Had the parties intended that each should be bound during the long period of years covered by the life of the patent, it would have been easy to have so provided. Where parties to a contract have chosen to leave the period of its operation indefinite and without limitation in regard to time, the law has wisely declared that either party may terminate it at any time after reasonable notice to the other. This principle is clearly set forth in Coffin v. Landis, 46 Pa. 426, and the motives which often induce parties in cases like the present one to leave their contracts indefinite as to time are thus stated:

"There is nothing said in regard to the time during which the agreement should continue, and nothing in its language to define the duration of the service of the plaintiff, or of his employment by the defendant. This the contracting parties seem to have left out of consideration, or at least failed to make it a subject of covenant obligation. It may be that neither was willing to bind himself for any definite period. The scheme was an experiment. . . . It is evident, then, that were we so to construe the agreement as to hold it obligatory upon the one party to employ, and upon the other to serve during any period, we should be in danger of imposing liabilities which both parties purposely avoided assuming." It was there held that the right remained in either party to terminate the contract at pleasure after reasonable notice to the other.

In Kenderdine Hydro-Carbon Fuel Company v. Plumb, 182 Pa. 463, under a state of facts in many respects resembling the one now before us, Mr. Justice WILLIAMS thus stated the principle:

"The terms of the written contract were indefinite as to its duration. No time was fixed at which the relation between the parties should cease. If either party desired to terminate it, if this could not be done by agreement, it was his duty to deal fairly by the other party and give a reasonable notice of his intention to withdraw from it at a fixed time."

Where therefore, in a case like the present one, it appears that the obligations of a contract are followed by loss and hardship to one of the parties, and where the contract itself contains no express stipulation fixing the term of its own existence, we think we have a proper case for the application of the legal principle referred to, and this leads us to the conclusion that this contract could lawfully be terminated by the defendant after reasonable notice to the other party of his intention in that respect.

Was such notice given? The written notice attached to the affidavit of defense was not given until more than two months of the then current year had expired. The affidavit, however, avers that repeated notices had been expressly given of the desire of the defendant to end the agreement because its conditions could not be complied with except at serious and continued loss to him. Whether, under all these circumstances, the written notice given in May became effective at once, or at what period thereafter it should go into effect, became a mixed question of law and fact which would necessarily require a trial of the issue between the parties and the development of the facts in connection with the notice.

With the record in this condition we think the learned judge below was in error in entering judgment for the plaintiff for the minimum royalty for the entire year from March, 1907, to March, 1908.

Judgment reversed and a procedendo awarded.